

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-23-2005

# Stringer v. Bureau of Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1510

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Stringer v. Bureau of Prisons" (2005). *2005 Decisions.* Paper 665.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/665

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1510
_____

THOMAS BARRETT STRINGER,

Appellant

v.

BUREAU OF PRISONS, Federal Agency;
KATHLEEN HAWK-SAWYER, Director BOP;
HARRELL WATTS, General Counsel Office;
M. E. RAY, Regional Director; ED GONZALEZ, Warden FCI Miami;
JOHN NASH, FCI Schuylkill; ERNEST CHANDLER, Warden FDC;
C. J. DEROSA, Warden, FCI Fort Dix; R. A. HULING, Unit Manager;
JIMMY ALFORD, Counselor; M. GAUS, CSW; WARREN WALKER, ISM;
JOSE MASEDA, ISM; LORETTA RICH, Administrative Remedy
Coordinator; ANTHONY PRANTOW, Unit Manager; C. H. MCINTYRE,
ISM; JENNIFER MERKLE, Attorney; L. CLOOKEY, Lieutenant;
D. ACKER, Counselor; DAVID SCHAAFF, Unit Manager; BOBBI BROWN,
CSW; N. TROXLER, Counselor; SONIA DIAZ-N'DIAYE, Counselor;
I. MURPHY, ISM; KISHA HEBBON, Admnistrative Remedy
Coordinator; FELIPE RODRIGUEZ, ISM; L. FINNEGAN, ISM;
R. MITCHELL, Recreation Department Supervisor;
D. MCCAULEY, Recreation Department; B. CONLEY,
Supervisor of Recreation; D. BUONAROTA, CSW

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-3755)
District Judge: Honorable Joseph E. Irenas

_____

Before: ROTH, MCKEE AND ALDISERT, <u>CIRCUIT JUDGES</u>

(Filed: August 23, 2005)

OPINION
_____

PER CURIAM

Thomas Stringer appeals the District Court's order dismissing his complaint for failure to state a claim. The details of appellant's claims are set forth in the District Court's opinion and need not be discussed at length. Briefly, Stringer filed a sixty-two page complaint and two supplemental complaints concerning his experiences at several federal correctional facilities. He alleged that BOP staff maintained inaccurate files which affected his custody status and programming, refused to process his grievances, and retaliated against him for filing grievances. The District Court dismissed the complaint before service for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). Stringer filed a timely notice of appeal and we have jurisdiction under 28 U.S.C. § 1291.

Our review of a District Court decision dismissing a complaint for failure to state a claim is plenary. <u>Carino v. Stefan</u>, 376 F.3d 156, 159 (3d Cir. 2004). We may affirm the District Court on any ground supported by the record. <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3rd Cir. 1999). When reviewing a complaint for failure to state a claim,

the Court must accept the allegations in the complaint as true. Hishon v. King &

Spalding, 467 U.S. 69, 73 (1984). The Court should not dismiss a complaint unless it is

clear that no relief could be granted under any set of facts that could be proved. Id.

On appeal, Stringer contends that the District Court erred in dismissing his

complaint but denying his motion to proceed in forma pauperis as moot. The complaint

was dismissed under 28 U.S.C. § 1915A(b)(1) which is applicable to all prisoner lawsuits

regardless of whether the litigant paid the fee all at once or in installments. The District

Court was correct that the in forma pauperis motion, which was for the purposes of

appointment of counsel not for waiver of the filing fee, was mooted by the dismissal of

the complaint.

Stringer also argues on appeal that BOP officials intentionally maintained

inaccurate records that led to loss of programming, higher custody, and loss of a reduction

in sentence. Stringer does not identify any specific records he believed were inaccurate.

Nor does he allege any facts that would support a finding that any inaccuracies were

intentional. Moreover, Stringer had no right to early release under 18 U.S.C. §

3621(e)(2)(B).[1]

Stringer argues that the District Court ignored his claims of sexual and physical

assault. In his complaint, Stringer alleged that he was assaulted in the carpentry shop and

---

[1] Section 3621(e)(2)(B) provides that "[t]he period a prisoner convicted of a
nonviolent offense remains in custody after successfully completing a treatment program
*may* be reduced by the Bureau of Prisons, but such reduction may not be more than one
year from the term the prisoner must otherwise serve."

later he was threatened with physical and sexual assault. Compl. at 18-20. Not every injury to an inmate caused by another inmate results in liability for prison officials responsible for the inmate's safety. In Farmer v. Brennan, 511 U.S. 825, 847 (1994), the Supreme Court held that a prison official may be liable under the Eighth Amendment for inhumane prison conditions if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Stringer does not assert that he made any prison officials aware of any concerns he had about his safety. Stringer does not allege that he reported these incidents.[2]

Stringer argues on appeal that the District Court erred in concluding that Stringer's allegations that prison officials denied him grievance forms and once ripped up his grievance did not state a cognizable claim. He contends that a higher custody level, assaults, and more time in prison resulted from his being unable to file grievances. We agree with the District Court that appellees' alleged failure to process or respond to Stringer's grievances did not violate his rights to due process and is not actionable. See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). Moreover, prisoners have no constitutional right to a particular classification. Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). As noted above, prison officials are not liable for every assault by another

---

[2] According to his brief filed in the appeal from his sentence for escape, Stringer admitted that he did not report the assaults to prison officials. Stringer unsuccessfully tried to use the alleged assaults at the prison as grounds for a downward departure for his sentence for escape from the camp to which he had been transferred. See 2002 WL 32303939.

inmate and Stringer had no right to early release.

We note that in January 2002, Stringer was arrested for escape and was subsequently sentenced to 27 months in prison consecutive to his original sentence. United States v. Stringer, S.D. Fla. Crim. No. 02-cr-20079. The only reference to this escape in his lengthy complaint is one line - "This plaintiff did leave the camp at his first possible non-resistant opportunity." Compl. at 21, ¶ 31. While not dispositive of any issues on appeal, we find this lack of candor troubling. We advise Stringer to be more forthright in his dealings with courts in the future.

For the above reasons and those set forth by the District Court, we will affirm the District Court's order.